**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff*,                                    CASE NO. 10-CR-20493

v.                                                   MAGISTRATE JUDGE CHARLES E. BINDER

CORT HARTWICK,

    *Defendant.*

_____/

**ORDER FOR FURTHER PROCEEDINGS
SETTING BRIEFING SCHEDULE**

**I.     Background**

Defendant Cort Hartwick was charged by Information on August 12, 2010. The Information states in pertinent part:

> Cort Hartwick knowingly embezzled and converted to his own use, and without authority sold, conveyed and disposed of, money and things of value of the United States and the U.S. Department of Agriculture, in that, having given the United States a security interest in collateral to obtain funds from the U.S. Department of Agriculture, Cort Hartwick sold the collateral without the consent of the U.S. Department of Agriculture and used the proceeds of the sale for purposes other than to pay his indebtedness to the United States, thereby embezzling and converting the money and things of value of the United States to his own use, all in violation of 18 U.S.C. § 641.

(Doc. 1.) Defendant signed and filed a consent to proceed before this magistrate judge. (Doc. 2.)

On September 27, 2010, Defendant entered into a plea agreement with the government (Doc. 8) and pleaded guilty to the sole count in the Information. At the plea hearing, the Rule 11 plea agreement was taken under advisement and the case was referred for a pre-sentence report.

On January 6, 2011, the Defendant appeared for sentencing. The Court informed the parties that questions had arisen as to whether the statute cited in the Information, 18 U.S.C. § 641 ("section 641"), properly applies to the offense conduct. After discussion, the hearing was

continued to January 13, 2011, because it was determined that further inquiry into the issue was necessary, including the government's submission of the underlying loan documents. The matter of Defendant's custody was also addressed on January 6, 2011, at which time Defendant was detained. Following a recommendation from Pretrial Services, it was ordered that Defendant be placed on bond. Defendant's release, however, would not occur until the placement of a tether could be arranged, including the installation of an appropriate telephone in the home where Defendant would be living.

On January 13, 2011, further argument was heard on the issue of whether section 641 properly applies. The Court determined that briefing of the issue was necessary. With regard to Defendant's custody, the Court was informed that the telephone line had been installed and that the location monitoring equipment could therefore be implemented. Defendant was released on a $25,000 unsecured appearance bond. (Doc. 15.)

## II.     Factual Basis for the Plea

At oral argument, the government asserted that the Court's acceptance of Defendant's guilty plea concluded the factual basis question. The Court disagrees. The obligation to determine a proper factual basis persists until judgment is entered. Under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." In applying Rule 11(b)(3), the court "should make the factual basis determination '[b]efore *entering judgment on a guilty plea*' – not, as in other subsections of Rule 11, 'before *accepting* a plea.'" *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010) (emphasis in original; citations omitted). Therefore, even though guilty pleas have been accepted, this Court's obligations "continue until it has entered judgment." *United States v. Smith*, 160 F.3d

2

117, 121 (2nd Cir. 1998). "The rule is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *United States v. Adams*, 448 F.3d 492, 499-500 (2nd Cir. 2006) (citations omitted). Thus, a court "must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Smith*, 160 F.3d at 121 (citations omitted).

In determining whether a sufficient factual basis exists, courts may look to a defendant's own admissions along with answers provided by counsel for the defendant or the government, the presentence report, the Rule 11 plea agreement or whatever means are appropriate in any specific case. *Id.*; *accord Mobley, supra; United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996) (finding sufficient factual basis where defendant agreed to proper factual basis stated in Rule 11 plea agreement).[1] "If [the court] decides there was no factual basis for a guilty plea after accepting it, the court should vacate the plea and enter a plea of not guilty on behalf of the defendant." *Smith*, 160 F.3d at 121.

> In this case, the statute provides as follows:
>
> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his own use or gain, knowing it to have been embezzled, stolen, purloined or converted –
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of

---

[1] I note that this conclusion is also supported by Fed. R. Crim. P. 11(c)(3)(A), which states that plea agreements of the type used in this case may be accepted, rejected, or the decision may be deferred until the court has reviewed the presentence report.

$1,000, he shall be fined under this title or imprisoned not more than one years, or both.

18 U.S.C. § 641. The elements of this offense are: "(1) that the money or property belonged to the government"; (2) "that the defendant fraudulently appropriated the money or property to his own use or the use of others"; and (3) "that the defendant did so knowingly and willfully with an intent to either temporarily or permanently deprive the owner of the use of the money or property." *United States v. McKee*, 7 F.3d 976, 980 (11th Cir. 1993). At issue in this case is the first element.

If the money or property at issue does not belong to the government, prosecution under section 641 is improper. *U.S. v. Hartec Enterprises, Inc.*, 967 F.2d 130 (5th Cir. 1992) (convictions under section 641 reversed where "it was unjust to convict defendants in the instant case of 'stealing' property that the government did not own"); *U.S. v. Ribas Dominicci*, 899 F. Supp. 42 (D.P.R. 1995) (defendant could not be prosecuted under section 641 because the government did not have, at the time of their transfer to third parties, rightful title to and ownership of trousers manufactured under government contract so as to render them "things of value" of the United States). The money or property must have belonged to the government because section 641 codified the common law crimes of larceny and embezzlement and requires the same elements as its common law predecessors. *Morrisette v. United States*, 342 U.S. 266, n.28, 72 S. Ct. 240, 96 L. Ed. 288 (1952); *United States v. Donato-Morales*, 382 F.3d 42, 47 (1st Cir. 2004). Embezzlement is the fraudulent conversion of *the property of another* by one who is already in possession of it. *In Re Sherman*, 603 F.3d 11, 13 (1st Cir. 2010). Larceny is the trespassory taking and carrying away of *the personal property of another* with the intent to steal it. *United States v. Peterson*, 394 F.3d 98, 106 (2nd Cir. 2005).

In the instant case, Defendant received a loan from the U.S. Department of Agriculture and the "loan was secured by collateral, primarily corn, pledged to the United States." (Plea

4

Agreement, Doc. 8 at 2.)  The Information specifically states that Defendant gave "the United States a security interest in collateral." (Doc. 1 at 1.) Defendant then allegedly "sold the collateral, knowing that he did not have permission from the government to do so," and "kept the money he received from the sales, rather than using the money to pay his financial obligation to the government . . . ." (Doc. 8 at 2.)

Several courts have held that a security interest is not a "thing of value of the United States" for purposes of a conviction for conversion of government property under section 641. *See United States v. Howard*, 30 F.3d 871 (7th Cir. 1994) (security interest in insurance proceeds was not a "thing of value of the United States" and therefore defendant could not be convicted under section 641 of converting government property based on depositing insurance check into his personal account); *United States v. Tana*, 618 F. Supp. 1393 (S.D.N.Y. 1985) (a security interest is not a "thing of value of the United States" and therefore defendant's prosecution for conversion of business equipment pledged to government as collateral for loan was improper under section 641 and indictment was dismissed).

At oral argument, the government asserted that this case is distinguishable from the cases cited above and that prosecution under section 641 is proper.  The Court therefore will order the parties to brief the issues of whether the conduct in this case of "[selling] the collateral without the consent of the U.S. Department of Agriculture" (Doc. 1 at 1) constitutes embezzlement or conversion of a "thing of value of the United States" in violation of section 641 and whether "us[ing] the proceeds of the sale for purposes other than to pay their indebtedness to the United States" (Doc. 1 at 1) constitutes embezzlement or conversion of "money or a thing of value of the United States" in violation of section 641.

### III.   ORDER

The government and counsel for Defendant shall each file an initial brief on the issues set forth above no later than **January 21, 2011**.  The parties may file responses, if they so choose, and those response briefs shall be due on **January 28, 2011**.  The parties are assured that this issue will then be addressed promptly by the Court so that the case may move forward as expeditiously as possible.

                                                  s/ Charles E. Binder
                                                  CHARLES E. BINDER
Dated: January 14, 2011                        United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker and William Hackett.

Date: January 14, 2011         By   s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder