UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                       Case No. 10-CR-20493

v.                                                     Hon. Thomas L. Ludington

CORT HARTWICK,

    Defendant.

_____/

## OPINION AND ORDER ADDRESSING BRIEFING AND SCHEDULING SENTENCING DATE

Defendant Cort Hartwick ("Defendant") was charged by Information on August 12, 2010 with a single count of violating 18 U.S.C. § 641 by knowingly converting to his own use money or things of value of the United States Department of Agriculture. [Dkt. #1]. The Information contends that Defendant sold collateral in which the United States had a security interest without the consent of the Department of Agriculture. Defendant then allegedly used the proceeds for purposes other than to pay his indebtedness to the United States, and thus converted money or things of value of the United States to his own use. Defendant entered in a Rule 11 plea agreement with the government, pleading guilty to the sole count in the Information [Dkt. #8]. A plea acceptance hearing was held on September 27, 2010 before Magistrate Judge Charles E. Binder pursuant to Defendant's consent and the Rule 11 plea agreement was taken under advisement. The case was then referred for a presentence report.

Defendant's sentencing was scheduled for January 6, 2011. When Defendant appeared for sentencing, Judge Binder informed the parties that a question had arisen as to whether the statute cited in the Information properly applies to Defendant's conduct. Defendant's sentencing was

continued to January 13, 2011, because further inquiry into the issue was necessary, including the government's submission of the underlying loan documents. On January 13, 2011, Judge Binder determined that briefing on the issue of whether 18 U.S.C. § 641 applies was necessary. Defendant was then released on an unsecured appearance bond [Dkt. #15]. The parties did not submit briefing as directed.

Defendant instead withdrew his consent to the magistrate judge's jurisdiction for purposes of sentencing on January 19, 2011 [Dkt. #17]. In the stipulated withdrawal, Defendant and the government restated their intent to abide by the Rule 11 plea agreement and represented their belief that the charge in the Information is appropriate. Defendant and the government requested that this Court assume jurisdiction and proceed to sentence Defendant on the charge in the Information. The Court determined that it was necessary, however, to address and resolve the inquiry raised by Judge Binder of whether 18 U.S.C. § 641 prohibited Defendant's admitted misconduct.

On May 16, 2011, the Court ordered both parties to file supplemental briefing on the issues identified in Judge Binder's January 14, 2011 order. The government filed a supplemental brief on May 23, 2011 [Dkt. #20] generally contending that the misdemeanor charge under 18 U.S.C. § 641 is proper in this case and that Defendant's pre-indictment plea of guilty to that charge is valid. Defendant filed supplemental briefing on May 31, 2011 [Dkt. #21], which noted his concurrence with the government's position and requested that the Court accept his misdemeanor plea.

This case requires drawing a factual distinction as to whether the property at issue is a "thing of value" of the United States. 18 U.S.C. § 641. Although the case presents a close question, *see United States v. Klinger*, 61 F.3d 1234 (6th Cir. 1995), the particular facts of the case bring the collateral at issue within the ambit of 18 U.S.C. § 641. In the case of most Uniform Commercial Code Article 9 security interests, it is unlikely that a property interest of that character would qualify

as an ownership interest. With a traditional Article 9 security interest, the debtor is entitled to physical possession of the collateral and may make use of the collateral as he or she wishes unless and until the debtor's default. *See* U.C.C. 9-205, 9-601.

In this instance, however, a security interest "plus" was created by the loan documents between Defendant and the Department of Agriculture, which is regulated by 7 C.F.R. § 765.302(c) and (d). The Code of Federal Regulations provides that a borrower must report any disposition of basic or normal income security immediately to the lender agency and, if the borrower wants to dispose of a chattel security in a different way than provided in the agreement for the use of proceeds, the borrow must obtain the agency's consent before disposition. 7 C.F.R. § 765.302(c), (d). The loan documents similarly state that Defendant cannot move or commingle the commodity serving as collateral with any other commodity without the prior written approval of the Commodity Credit Corporation, evidencing an enhanced security interest which is different than a normal Article 9 security interest. [Dkt. #13-1]. Moreover, Defendant, pursuant to the terms of the agreement with the Department of Agriculture and Code of Federal Regulations, was directed to deliver physical possession of the corn crop serving as collateral for the loan to a specific location by a specific date, which is not typical of an ordinary Article 9 security interest but is an interest created by federal law and enhanced by the Code of Federal Regulations. In this case, the government's enhanced security interest qualifies to satisfy 18 U.S.C. § 641. *Cf. United States v. Bailey*, 734 F.2d 296, 300-01 (7th Cir. 1984) (finding that supervision, control over the disposition of money or property, or a reversionary interest therein, is sufficient for a violation of § 641); *United States v. Maxwell*, 588 F.2d 568, 571-74 (7th Cir. 1978).

The Court would note, however, that it disagrees with the characterization of Judge Binder's question as an interference with the government's prosecutorial duties. Indeed, it is Judge Binder's

duty to ensure that Defendant's conduct was sufficient under the statute in order to accept Defendant's plea as to the conduct charged in the Information in light of the specific factual distinctions that have been made through the case authority. Fed. R. Crim. P. 11(b)(3); *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010); *see, e.g.*, *Morrisette v. United States*, 342 U.S. 266, n.28, 72 S. Ct. 240, 96 L. Ed. 288 (1952); *United States v. Donato-Morales*, 382 F.3d 42, 47 (1st Cir. 2004); *United States v. Howard*, 30 F.3d 871 (7th Cir. 1994). The purpose of this duty is "to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Mobley*, 618 F.3d at 545 (citations and quotations omitted). At this juncture, however, the Court concludes that there is a sufficient factual basis for Defendant's plea to the charge in the Information. The Court will accept jurisdiction as requested by the parties and will proceed to sentencing Defendant on the charge in the Information.

Accordingly, it is **ORDERED** that Defendant's sentencing is scheduled for September 2, 2011 at 2:00 p.m.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 19, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---